J-S71039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYSHAWN WATSON, | |
| Appellant | No. 1109 EDA 2017 |

Appeal from the PCRA Order March 20, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0907211-2004

BEFORE:  PANELLA, J., STABILE, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:          **FILED JANUARY 19, 2018**

Appellant, Tyshawn Watson, appeals *pro se* from the order dismissing his petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  Appellant claims that counsel at his revocation hearing was ineffective for failing to object to an illegal sentence.  Appellant's claim lacks arguable merit.  Accordingly, we affirm.

This case has a lengthy history.  We summarize only the most relevant facts.  On November 9, 2004, Appellant entered a guilty plea to various drug offenses.  Although subject to a maximum term of twenty years' imprisonment, he received the benefit of a negotiated aggregate sentence of

_____

[*] Retired Senior Judge assigned to the Superior Court.

not less than two nor more than twelve months of county incarceration, plus two three-year terms of probation. (***See*** PCRA Court Opinion, 4/20/17, at 1-2). All sentences were concurrent. (***See id.*** at 2).

There followed a decade-long odyssey of technical and direct violations, arrest and conviction on other charges, absconding from probation three times, eleven failed drug tests, failures to appear in court, *etc.* Finally, on September 22, 2014, the trial court again revoked Appellant's probation and re-sentenced him to an aggregate term of not less than four nor more than eight years of incarceration in a state correctional institution. (***See id.*** at 3; ***see also*** Commonwealth's Brief, at 2-3). On direct appeal, this Court affirmed the judgment of sentence. ***See Commonwealth v. Watson***, 144 A.3d 206 (Pa. Super. 2016) (unpublished memorandum). Appellant filed the instant PCRA petition, *pro se*, on April 11, 2016. The PCRA court appointed counsel, who filed a "no merit" letter and requested permission to withdraw.[1] After notice, the court dismissed the petition, and granted counsel permission to withdraw. (***See*** Order, 3/20/17); ***see also*** Pa.R.Crim.P. 907. Appellant timely appealed *pro se*.

Appellant presents one question for our review:

> Was PCRA [sic] counsel ineffective for failing to argue that the sentence imposed by the trial court exceeded the maximum sentence allowed under the law under the circumstances of the revocation hearing?

_____

[1] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

- 2 -

(Appellant's Brief, at 3) (unnecessary capitalization omitted).

"[I]n reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." ***Commonwealth v. Grove***, 170 A.3d 1127, 1136 (Pa. Super. 2017) (citation omitted). "In reviewing an illegal sentence claim, '[t]he issue . . . is a question of law and, as such, our scope of review is plenary and our standard of review is *de novo*.'" ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. Super. 2011), *appeal denied*, 30 A.3d 487 (Pa. 2011) (citation omitted).

> It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. . . . [O]ur Supreme Court [has] articulated a three-part test to determine whether an appellant has received ineffective assistance of counsel. Appellant must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) Appellant was prejudiced by counsel's act or omission.

***Commonwealth v. Johnson***, 51 A.3d 237, 243 (Pa. Super. 2012) (*en banc*), *appeal denied*, 63 A.3d 1245 (Pa. 2013) (citations and quotation marks omitted). In addition, "[an appellant's] failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009) (citation omitted).

Here, Appellant utterly fails to plead and prove his assertion of ineffectiveness of counsel. His purported authority for the claim that his

sentence after revocation exceeded the legal maximum is counsel's casual, tentative, reference to a ten-year maximum sentence, and a three-year remainder, taken out of context. (**See** Appellant's Brief, at 11) (citing N.T. Revocation Hearing, 9/22/14, at 10). The trial judge immediately challenged counsel's supposition. (**See id.**). Appellant offers nothing to support his claim except for this brief, tentative, out of context reference, immediately questioned by the trial court judge. Appellant fails to prove his sentence was illegal. It was not. Appellant's claim lacks arguable merit. He fails to overcome the presumption of effectiveness. **See Johnson**, **supra** at 243; **Daniels**, **supra** at 419. His claim does not merit relief.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 1/19/2018*